Filed 3/27/24

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081369 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD102568) |
| DAVID D. MCCLELLAND, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge. Affirmed.

Barbara A. Smith and Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey, and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

David D. McClelland appeals the denial of his petition for resentencing. He argues the trial court violated his due process rights because he was not present at what he misconstrues as the evidentiary hearing. However, he was present at a hearing, which we conclude—looking to its substance and

effect rather than its label—was the evidentiary hearing. We therefore affirm.

I.

In 1994, McClelland pled guilty to second degree murder and was sentenced to a state prison term of 15 years to life. In 2019, he filed a Penal Code section 1170.95[1] petition. The People conceded McClelland made a prima facie showing of entitlement to relief. The trial court thus issued an order to show cause (OSC) and scheduled an evidentiary hearing, which was continued and reset repeatedly at the parties' request.

In January 2022, the People submitted a return to the OSC, indicating that, at the evidentiary hearing, they intended to rely on (1) the grand jury transcript as the record of conviction, and (2) McClelland's statements in California Department of Corrections and Rehabilitation (CDCR) records. They argued this evidence established McClelland's guilt beyond a reasonable doubt of second degree murder as an aider and abettor of an implied malice murder.

In June, McClelland submitted his evidentiary hearing brief. He asked the court not to consider certain hearsay testimony in the record. He also argued the evidence was insufficient to sustain his conviction beyond a reasonable doubt and urged the court to consider his youth in evaluating his actions.

At the June evidentiary hearing, with all parties and counsel present, McClelland's counsel requested another continuance. The court then set a "[s]tatus [h]earing" for September.

---

[1] Assembly Bill No. 200, effective June 30, 2022, amended section 1170.95 and renumbered it section 1172.6. (See Stats. 2022, ch. 58, § 10.) We refer to the statute by its current number in this opinion.

2

Counsel for both parties and McClelland appeared at the September hearing. The court noted it had read the parties' briefing and the grand jury transcript. The prosecutor asked the court to admit and consider two additional exhibits: (1) pages from McClelland's CDCR "C-file" related to a Board of Parole hearing relevant to "his participation in this murder," and (2) McClelland's certified change of plea form. The court confirmed with McClelland's counsel that she had seen the documents, and she did not object to their consideration.

The court then offered to "set a date in four weeks." Instead of accepting a future hearing date, McClelland's counsel said it would be "fine too" if the court "want[ed] to issue a written ruling" and "[j]ust submit it to the parties." McClelland's counsel asked the court "to exercise caution when examining the statements" in McClelland's C-file and "be mindful of Mr. McClelland's age at the time of this offense and take that . . . into consideration when looking at his reckless indifference." McClelland's counsel otherwise submitted on the record. The prosecutor responded that the statements in the C-file were "enlightening" for purposes of determining McClelland's reckless indifference and implied malice.

McClelland's counsel then inquired: "Do you want us back, Your Honor, or are you just going to send us an order?" The court responded it would "[s]end . . . an order," and McClelland's counsel replied, "Perfect."

The hearing minutes show the case was called for a "[m]otion" for "[r]e-sentencing pursuant to [section] 1172.6." They reflect three exhibits—the grand jury transcript, a comprehensive risk assessment from a Board of Parole hearing, and a change of plea form—were received in evidence. The hearing minutes state: "The Defense requests the court to take this matter

3

under submission. This request is granted," and "[t]he court will submit a written ruling by October 14."

An ex parte court order dated November 15 denied the petition. The contemporaneously issued written order noted that counsel for both parties "stipulated to the [c]ourt taking this matter under submission without an evidentiary hearing." The order concluded that "the evidence shows, beyond a reasonable doubt, that Petitioner David McClelland did, with the intent to kill, aid and abet the actual killer in the commission of second degree murder," thus rendering McClelland "ineligible for resentencing" under section 1172.6.

## II.

McClelland does not argue the sufficiency of the evidence supporting this ruling; rather, his sole contention on appeal is that he was denied due process. He argues the September hearing he attended was a "pre-evidentiary hearing." According to McClelland, the evidentiary hearing occurred in November, when the court denied his petition. He claims that because he had a constitutional right to be personally present at that hearing, and because his absence was not harmless error, reversal and remand for a hearing at which McClelland is personally present is required.

The People counter that the September hearing—at which (1) the prosecutor offered additional evidence and McClelland and his attorney were present, and (2) both parties agreed the matter should be taken under submission—was the section 1172.6 evidentiary hearing.

Having reviewed the record and McClelland's claim de novo (*People v. Cole* (2004) 33 Cal.4th 1158, 1230), we agree with the People.

4

A.

Effective 2019, the Legislature amended the Penal Code to provide that a defendant who participated but was not the principal in a murder cannot be convicted of murder based on imputed malice. (*People v. Basler* (2022) 80 Cal.App.5th 46, 54 (*Basler*).) Rather, a murder conviction requires the defendant's personal actions and subjective intent. (*Ibid.*) Section 1172.6 provides a mechanism for defendants who, like McClelland, were "charged with murder and who would have been subject to prosecution for murder under a . . . theory of imputed malice" but instead pled guilty to murder or a lesser offense to seek relief from their convictions. (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.)

If a defendant files a section 1172.6 petition and makes a prima facie showing of entitlement to relief, "the court shall issue an" OSC. (§ 1172.6, subd. (c).) The court must then "hold a hearing to determine whether to vacate the murder . . . conviction and to recall the sentence and resentence" the defendant. (*Id.*, subd. (d)(1).) Both the prosecutor and the defendant "may also offer new or additional evidence," and the court generally may admit evidence at the hearing in accordance with the Evidence Code. (*Id.*, subd. (d)(3).) The prosecutor bears the burden of proving beyond a reasonable doubt the defendant guilty of murder. (*Ibid.*)

This hearing is a "critical stage[ ]" of the proceedings. (*Basler*, *supra*, 80 Cal.App.5th at p. 59.) The defendant has constitutional due process rights to be personally present at the hearing absent "a knowing, intelligent[,] and voluntary waiver." (*Ibid.*) A defendant not given the opportunity to participate in the section 1172.6 evidentiary hearing cannot decide whether, in light of the People's evidence, to testify or present other evidence. (*Ibid.*) Nor can an excluded defendant provide "input to . . . counsel on the People's

5

presentation and arguments, resulting in . . . counsel drawing different inferences from the trial evidence or doing more than submitting on the papers." (*Id.* at p. 60.)

B.

Having contextually reviewed the record, we conclude the September hearing satisfied the criteria of section 1172.6(d)(3). Thus, as McClelland was present, no error violated his due process rights.

As an initial matter, contrary to McClelland's position, there was no November evidentiary hearing for which the September hearing could have served as a "pre-evidentiary hearing." At the September hearing, the trial court merely indicated it would submit its ruling to the parties. That is what happened: in November, the trial court issued a reasoned, written ruling and an ex parte order. The record is devoid of any minutes for a November hearing.

McClelland claims the trial court's statement, in its order denying his petition, that the parties submitted on the papers "without an evidentiary hearing" means no evidentiary hearing occurred, as "[s]urely a court conducting a hearing is in the best position to characterize the nature of that hearing." We disagree. We look to the substance and effect of the September hearing, rather than its asserted label, to determine if it satisfied the requirements of section 1172.6(d)(3).

In this regard, McClelland argues the September hearing cannot possibly have been the statutorily required hearing because "there were no arguments made in appellant's presence; there were merely discussions of what evidence would be heard at a future date, with no discussions in appellant's presence, regarding the import of those matters." We are unpersuaded.

6

First, there were no discussions at the hearing about evidence to "be heard at a future date." Instead, the court admitted the evidence submitted by the parties. Both parties wanted the grand jury transcript admitted. The prosecutor requested the court to consider, and the court admitted, two additional exhibits, without objection from McClelland's counsel, who did not offer any additional evidence despite having the opportunity to do so. McClelland, who was present, could have conferred with his counsel and requested a further hearing at which he could testify or offer the testimony of other relevant witnesses or additional evidence. But he did not do so. Instead, his counsel submitted on the evidence and the parties' briefing. In fact, she suggested the court follow this procedure when the court offered to set an additional hearing. The court thus had before it all the information McClelland, his counsel, and the prosecutor wanted considered in determining whether McClelland was entitled to relief. That is all that section 1172.6(d)(3) and due process require.

To the extent McClelland claims the record should reflect some on-the-record discussion of his rights and the importance of the evidentiary hearing, we disagree. Counsel has a duty to consult with clients and keep them informed. (See Rules Prof. Conduct, rule 1.4.) Courts generally presume that counsel acts competently. (*People v. Barrett* (2012) 54 Cal.4th 1081, 1105.) McClelland points to no record evidence undermining this presumption and cites no legal authority that the court has similar duties to a criminal defendant.

Further, contrary to McClelland's claim, substantive arguments *were* made in his presence at the September hearing. The court acknowledged having read the parties' briefs, which provided their legal arguments as to McClelland's entitlement to relief. At the hearing, McClelland's attorney not

7

only urged the court to exercise caution in its reliance on some of the evidence the prosecutor submitted, but she also asked the court to consider McClelland's age at the time the crime was committed in assessing his culpability. In response, the prosecutor briefly argued the import of the same evidence. Rather than substantively respond, McClelland's counsel asked if the court "want[ed them] back," having already said she was "fine" with the court issuing a written ruling instead of setting a further hearing. As McClelland was present, he could have conferred with his counsel and requested an opportunity to present further evidence or argument. He did not. On this record, the court was not required to do anything further to fulfill its obligations under section 1172.6(d)(3).

We thus conclude the September hearing conformed to section 1172.6(d)(3)'s requirements. The parties had an opportunity to offer additional evidence relevant to McClelland's guilt under current law and argue the merits of McClelland's petition. As McClelland was personally present at the hearing, he was not denied due process.

III.

We affirm.

CASTILLO, J.

WE CONCUR:

McCONNELL, P. J.

DO, J.

8